IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    Criminal Action No. 5:05CR13
                                                        (STAMP)
MICHAEL ANTHONY JOHNSON,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## MEMORIALIZING PROUNOUNCED RULING
## DENYING MOTION FOR NEW COUNSEL

This order memorializes a pronounced ruling made from the bench denying the motion for new counsel of defendant, Michael Anthony Johnson ("Johnson"). Johnson is named as one of nine co-defendants in a 20-count indictment for the conspiracy to possess and distribute crack and powder cocaine. Eight of the nine co-defendants in this criminal action have reached an agreement with the government by which they have or intend to plead guilty to one or more counts listed in the indictment.

On August 22, 2005, the defendant in the above-styled criminal action, by his counsel, L. Richard Walker ("Walker"), filed a motion for new counsel. In support of his motion, the defendant listed the following reasons: (1) counsel does not possess sufficient experience to handle matter effectively; (2) counsel has not satisfactorily negotiated a plea agreement; (3) counsel is not aggressive enough; and (4) defendant is uncomfortable proceeding with counsel. At the hearing, the defendant's counsel articulated the defendant's reasons for moving for new counsel. This Court

further provided Johnson, himself, with the opportunity to speak on behalf of his motion, and he agreed that his counsel had properly characterized the basis for this motion.

Assistant United States Attorney John C. Parr ("Parr") responded that the defendant had been cooperative as an informant and had participated in multiple controlled buys. However, Parr argued that the defendant had an extensive criminal record and had at least 83 grams of cocaine or cocaine base attributable to him. As a result, Parr indicated that he was unwilling to recommend a flat sentence of less than 15 years. Parr further stated that Walker had successfully negotiated for his client the most favorable recommendation that the government would make. In addition, Parr noted that, following discussions with Walker, the government had agreed to make a motion on behalf of Johnson pursuant to United States Sentencing Guidelines § 5K1.1. The proposed plea agreement also would contain a provision whereby the defendant Johnson would receive a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

When evaluating a defendant's motion for new counsel, a trial court must (1) consider the timeliness of the motion, (2) inquire thoroughly into factual basis of defendant's dissatisfaction, and (3) consider the extent of the breakdown in communication between the defendant and his counsel. United States v. Mullen, 32 F.3d 891, 895-897 (1994). This Court addresses these factors in turn.

First, the defendant's motion has a timeliness problem. As AUSA Parr indicated, investigation for this case began back in August of 2004. Walker has been representing the defendant since Walker was appointed on October 6, 2004. The indictment in this criminal action was filed on April 5, 2005. Johnson's trial date has already been continued once, and is currently set to commence on September 7, 2005. Given the fact that the criminal action has been pending for a substantial period of time, as well as the continuous representation of the defendant by Walker, this Court finds the motion is not timely filed.

Second, even if the motion were timely, the factual basis of defendant's dissatisfaction is insufficient to support his motion. The defendant's argument that his counsel does not possess sufficient experience to handle this matter effectively is simply unfounded. Walker has been an Assistant Federal Public Defender for the Northern District of West Virginia for several years and has appeared before this Court regularly. Prior to serving in the Northern District of West Virginia, Walker had significant experience as a defense attorney in Florida. This Court has observed Walker on numerous occasions in pretrial matters, sentencing matters, and in criminal trials, some of which have involved complicated issues. Without going into greater detail, this Court finds that in each of these matters, Walker has performed with competence. In the past, where there has been the possibility that a defense existed, Walker has done everything in

3

his power to assert that defense zealously.  Accordingly, this Court believes Walker has substantial experience, and finds the defendant's contention to be without merit.

Similarly, defendant's argument that Walker has not satisfactorily negotiated a plea agreement appears to be unfounded. The United States has indicated that Walker has been actively involved in the plea negotiating process since commencing he representation of Johnson.  Under Walker's representation, the government has shown its willingness to move for a § 5K1.1 motion for substantial assistance to authorities.  While this motion ultimately falls within the government's discretion, it appears from AUSA Parr's representations to this Court that Walker has been deeply involved in negotiating for the substantial assistance motion.  Moreover, it appears from AUSA Parr's representations that negotiations have also resulted in a proposal that the defendant receive an acceptance of responsibility reduction of at least two levels, and possibly three levels, in the proposed plea agreement for Johnson.  Accordingly, this Court finds that the defendant has failed to show that negotiations by Walker have been insufficient.

Defendant's final contentions -- that counsel has not been aggressive enough and that defendant is uncomfortable -- are not relevant to this Court's inquiry.  The fact that the defendant disapproves of Walker's style is not an adequate factual basis to support a motion for new counsel.  Accordingly, this Court finds

that the second factor in <u>Mullen</u> weighs in favor of denying the defendant's motion.

Finally, this court finds that the defendant and his counsel have not suffered a breakdown in communication as contemplated by the Fourth Circuit in <u>Mullen</u>.  The Sixth Amendment does not guarantee a "meaningful relationship" or good rapport with an attorney, but merely requires adequate representation.  <u>See</u> <u>Morris v. Slappy</u>, 461 U.S. 1, 13-14 (1983).  There is no indication from either the defendant or his counsel that their relationship has prevented adequate representation.  At the hearing, Walker indicated that his relationship with Johnson was cordial, and Johnson did not object to this characterization. Accordingly, this Court finds that the relationship between the defendant and his counsel has not suffered a breakdown in communication.

In sum, this Court finds that the defendant's motion for new counsel must be DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order by mail to the defendant and via facsimile to counsel of record herein, to the United States Probation Office and to the United States Marshals Service.

DATED:    August 26, 2005

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE